# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CASE NO. 5:99-CR-00012-RLV-DSC-8

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| SHAUN AUTALEON POSTON, ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on Defendant Poston's pro se "Motion for Evidentiary Hearing and/or Request for Summary Judgment." (Doc. 563.)

On September 15, 2000, a jury found Defendant guilty of conspiracy to possess with intent to distribute cocaine and cocaine base in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(ii)–(iii), and 846. On March 5, 2001, this Court sentenced Defendant to a 360-month term of imprisonment and thereafter to five years of supervised release. Since his sentencing, Defendant Poston has submitted to the Court numerous motions and filings. Most recently, this Court granted Defendant's Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2), submitted on his behalf by Assistant Federal Defender Thomas Cochran. (Doc. 560.) Defendant's sentence has thus been reduced a second time to a 235-month term of imprisonment.

Defendant now asks for resentencing pursuant to Federal Rules of Civil Procedure 8(a) and 56(a). As this Court previously mentioned in response to Defendant's prior "Motion Pursuant to Federal Rules of Civil Procedure 60(b)(1)(2) and (6)," "[a]s this Court stated in its August 18, 2005 Order, which denied Defendant's request for an extension of time to file this

1

Rule 60(b) Motion, the Court finds that Defendant is improperly attempting to bring this Motion pursuant to the Federal Rules of *Civil* Procedure, which are inapplicable to a criminal matter. Furthermore, the Court has entertained and Defendant has exhausted his post-trial appeals." (Doc. 425 at 2.)

Additionally, in requesting a resentencing, Defendant reiterates much of his pending "Motion to Recall Mandate in the Interest of Justice." (Doc. 456.) Therein, Defendant, referencing Federal Rule of Criminal Procedure 52(b) and *Apprendi v. New Jersey*, 530 U.S. 466 (2000), argues that this Court, by applying sentencing enhancements, engaged in constitutionally impermissible fact-finding. Because the Court's sentence was below the statutory maximum of life imprisonment, this Motion to Recall Mandate shall be denied. *See Apprendi*, 530 U.S. at 481, 490 ("[N]othing in this history suggests that it is impermissible for judges to exercise discretion—taking into consideration various factors relating both to offense and offender—in imposing a judgment within the range prescribed by statute. . . . [However, o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.").

**IT IS, THEREFORE, ORDERED** that Defendant Poston's Motion for Hearing and/or Summary Judgment (Doc. 563) be **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Recall Mandate (Doc. 456) be **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's pro se Motion to Appoint Counsel in Representation of Motion to Recall Mandate (Doc. 551) be **DENIED** as moot.

Signed: October 15, 2012

Richard L. Voorhees
United States District Judge